DE LA TORRE & RAMÍREZ, Plaintiffs and Appellees, *v.* JOSEFA BENGOECHEA Y MACÍAS, ETC., Defendant and Appellant.

No. 5855. Decided April 10, 1935.

*Pellón & Ayuso* for appellant.   *De la Torre & Ramírez* in their own right.

ON MOTION FOR REHEARING

Mr. Justice Wolf delivered the opinion of the court.

In a motion for reconsideration the appellant insists that the provisions of section 1247 of the Civil Code as amended are matters of substance and are not adjective in form.   The theory is that whether objection to the admission of oral testimony was or was not made in the court below, nevertheless, the attorneys-plaintiffs in this case were bound to prove that the contract for fees agreed upon should have been made by the agent Mr. Macías in writing.

One of the points of the appellant is that she was not in a true position to object to the oral testimony.   First, because the complaint recited that the agreed contract was made with the defendant, Josefa Bengoechea herself, and second, because there was a second count to the action, setting up a *quantum meruit,* which the plaintiffs might be considered to be attempting to prove and that this second cause of action was not abandoned until the trial had progressed a certain extent.

With respect to the averment in the complaint that the contract was made with Mrs. Josefa Bengoechea, all the complaint needed to recite was the ultimate fact.   If the plaintiffs treated with the duly authorized agent, the ultimate fact was that they were treating with the principal. *Qui facit per alium facit per se.*

■ As to the second point, if not before, as soon as the defendant discovered that the plaintiffs were not relying on a *quantum meruit* and only on a stated account, it became the duty of the attorneys then and there to object, to move to strike or take some other measure, if they did not care to be put in a position of having waived or renounced the benefits of section 1247, supposing in point of fact, such waiver could take place.

■ In our main opinion, at the instance of some suggestion of the appellant, we referred to the English Statute of Frauds and with the possibility of its provisions being waived. Appellant says that in her brief she only referred to the Statute of Frauds for a particular purpose. Nevertheless we feel bound to hold that section 1247 of the Civil Code, in its general wording and intendment, is very similar to the provisions of the Statute of Frauds. The purpose of the said section goes to the form of contract; the same purpose pervades the different sections of the Statute of Frauds.

Section 4 of the English act provided:

"No action shall be brought whereby to charge any executor or administrator, etc.; (2) or whereby to charge the defendant upon any special promise to answer for debt, default, or miscarriage of another person; (4) or upon any contract for sale of lands, etc.; (5) or upon any agreement that is not to be performed within the space of one year, etc.; (6) unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized."

Section 17 of the same Statute says: "No contract for the sale of any goods, etc. . . . shall be allowed to be good," unless in writing. So it is evident that the provisions of section 1247 of the Civil Code are not more imperative than the similar provisions of the Statute of Frauds. *Ubi eadem ratio ibi idem jus; et de similibus idem est judicium*, a maxim applied by us for other purposes in *Fernández* v. *Obén,* 26 P.R.R. 137.

Under the Statute of Frauds in the United States, in a good many of the States, the objection must be made by plea and in other States it is too late to raise the objection after the evidence is all in.

In *Saavedra* v. *Moreno*, 33 P.R.R. 564, we said that when it came to power of attorney the principal should be considered as a third person and until otherwise strongly advised we shall not abandon this decision.

The contract between the attorneys and Mrs. Josefa Bengoechea was either verbal or actually reduced to writing. If the contract was made in writing it is evident that the defendant could not admit, unchallenged, the testimony of the contents of the written contract and thereafter object to the failure to produce the written contract.

If on the other hand, as in this case, where the reality or strong probability is that the contract between the attorneys and the agent Macías was an oral one, if objections to the statements of Ramírez and De la Torre had been made at the trial, as it should have been done, the said plaintiffs might have introduced evidence tending to show a consent or ratification by the principal or an estoppel. This matter of possible ratification is highly important because if attorneys know that the defendant is going to rely on the defense of a written contract, under the sixth paragraph of section 1247, they might have various ways of avoiding their failure to produce a written contract or show that the principal herself consented.

It is a salient fact in this case that the answer is signed, not by Mrs. Josefa Bengoechea, but by her brother. The relations of the attorneys were almost exclusively with Macías and he says in swearing to the answer that he makes the jurat because he is better apprised of all the affairs. It is clear to our minds that the real person who intervened in these proceedings was the defendant's brother and, therefore, when the attorneys were treating with him it was practically the same as if they were treating with the prin-

cipal. Macías had retained the attorneys and he went on with the contract. On page 22 of her brief the appellant makes it perfectly clear that it was always Macías who intervened in all matters connected with the estate or estates in question.

These considerations are fortified by the first special defense set up by the defendant, wherein she says:

"That on or about July, 1924, the plaintiff firm presented to the Estate of Riera a bill for professional services, and that Antonio B. Macías, attorney in fact of the defendant, acting on her instructions, met José Ramírez Santibáñez, one of the members of the legal firm, plaintiff herein, De la Torre & Ramírez, and reached an understanding or agreement in regard to the said bill by virtue whereof a reduction of $15,025 in the said bill for $39,025 was made by said José Ramírez Santibáñez in behalf of the plaintiff firm, bringing it down to $24,000, . . ."

Viewing this case from any aspect, we are of the opinion that the contract was duly perfected and if there was any defect in form it was waived. We find it unnecessary to discuss some of the other matters suggested in the motion.

The motion for reconsideration should be denied.